IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| MOLINE MACHINERY LTD, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 00-2352MJD/RLE |
| | ) | |
| v. | ) | |
| | ) | |
| THE PILLSBURY COMPANY, | ) | **PRETRIAL SCHEDULING ORDER** |
| | ) | |
| Defendant. | ) | |

At Duluth, in the District of Minnesota this 7th day of December, 2000.

* * *

Pursuant to Pretrial Conference convened on December 7, 2000, and in accordance with provisions of Rule 16, Federal Rules of Civil Procedure, to administer the course of this litigation in a manner which promotes the interests of justice, economy and judicial efficiency, it is

ORDERED:

I.

That all pre-discovery disclosures required by Rule 26(a)(1) shall be completed on or before January 10, 2001. The period during which the parties may conduct discovery shall terminate on August 1, 2001. Disputes with regard to pre-discovery disclosures or discovery shall be called immediately to the Court's attention by the making of an appropriate Motion, and shall not be relied upon by any party as a justification for not adhering to this Pretrial Schedule. No further or additional discovery shall be permitted

FILED DEC 0 7 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

after the above date except by leave of the Court for good cause shown, and agreements between the parties which contravene the provisions of this Schedule will not be recognized. However, upon agreement of counsel, or with leave of the Court, depositions in lieu of in-Court testimony may be taken after the close of discovery.

II.

That all Motions which seek to amend the pleadings or add parties must be filed and the Hearing thereon completed on or before February 1, 2001.

III.

That all other nondispositive Motions shall be filed and the Hearing thereon completed prior to September 1, 2001, by calling Victoria L. Miller, Calendar Clerk for Magistrate Judge Raymond L. Erickson. All nondispositive motions shall be scheduled, filed and served in compliance with Local Rule 7.1(a). No discovery Motion shall be heard unless the moving party files with the Motion the statement required by Local Rule 37.1 and complies with the requirements of Local Rule 37.2.

IV.

That no more than 25 interrogatories (counted in accordance with Local Rule 33.1) shall be served by any party.

V.

That no more than 10 depositions (excluding expert depositions) shall be taken by any party without prior Order of the Court.

VI.

That within the foregoing period allotted for discovery, but no later than the dates set forth below, the parties shall retain and disclose to their opposing party all persons they intend to call as expert witnesses at trial. Each party's disclosure shall identify each expert and state the subject matter on which the expert is expected to testify. The disclosure shall be accompanied by a written report prepared and signed by the witness. As required by Rule 26(a)(2)(B), Federal Rules of Civil Procedure, the report shall contain:

a. The qualifications of the witnesses, including a list of all publications authored by the witness within the preceding 10 years;

b. The compensation to be paid for the study and testimony;

c. A listing of any other cases in which the witness has testified as an expert at trial or by deposition with the preceding 4 years;

d. A complete statement of all opinions to be expressed and the basis and reasons therefor;

e. the data or other information considered by the witness in forming the opinions; and

f. Any exhibits to be used as a summary of or support for the opinions.

The Plaintiff's disclosures shall be made on or before May 1, 2001. The Defendant's disclosures shall be made on or before July 1, 2001.

VII.

That the parties do contemplate taking expert depositions. The parties may depose the experts identified by the other party without any prior Order of the Court.

VIII.

That each party shall fully supplement all discovery responses according to the Federal Rules of Civil Procedure. Any evidence responsive to a discovery request which has not been disclosed on or before that date, except for good cause shown, shall be excluded from evidence at trial.

IX.

That all dispositive Motions shall be filed and the Hearing thereon completed prior to December 1, 2001. All dispositive Motions shall be scheduled, filed and served in compliance with Local Rule 7.1(b). Counsel are forewarned that six to eight weeks advance notice is necessary to place a dispositive Motion on the calendar.

X.

That this case shall be ready for trial on December 1, 2001, or 30 days after the Court renders its Order on any dispositive motion (whichever is later) at which time the case will be placed on the Court's non-jury trial calendar.

BY THE COURT:

Raymond L. Erickson

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE